## STRAWDER, Plaintiff, v. SMITH et, Defendants.

Common Pleas Court, Franklin County.

No. 197193. Decided March 8, 1957.

Barkan, Brown, Crites & Herron, for plaintiff.
James F. Little, for defendants.

## OPINION

By BARTLETT, J.

1. The motion to strike from the petition will be treated as a demurrer which the Court has sustained for the reason that the petition does not show any legal capacity of plaintiff to maintain such action, and does not state facts which show a cause of action in favor of the plaintiff against the defendants.

2. The motions to increase the deposit for security of costs and to post a bond, are both overruled.

The motion to strike from the petition has been treated as a de-

murrer thereto to facilitate the administration of justice. **State, ex rel. Smith, v. Young, 137 Oh St 319.**

This is an action to set aside a deed to the defendants by Anna Blackmon, deceased; and the plaintiff bases her right of action on the fact that said real estate was devised to her under the will of said decedent, Anna Blackmon, but the petition fails to disclose that the alleged will has ever been admitted to probate or record.

Until so admitted, no will is effectual to pass any real or personal estate, §2107.61 R. C.

Syl. 1. Under the statute, the last will and testament of the decedent has no force or virtue until it is probated, and until then has no legal standing as a basis for a suit in any court or as a basis for any claim to property or an interest therein on the part of the devisee of such instrument.

Syl. 2. There can be no suit in law or equity if the plaintiff has no capacity to sue, and such capacity is determined by whether he has an interest in the subject-matter of the action. **Petit v. Morton et al, 28 Oh Ap 227.** Motion to certify the record overruled.

Until admitted to probate, such alleged will cannot even be received as evidence of any title set up under it. **Swazey's Heirs v. Blackmon, 8 Ohio 5.**

The right to maintain the action in the instant case depends for its prerequisite upon some interest, either legal or equitable, in the property, before the capacity to sue exists. In the petition there is no allegation that the plaintiff has any rights whatsoever in the property that may be considered substantive in law or equity as are necessary to pray for the relief requested. The petition does not disclose that plaintiff has any interest in the property nor the legal capacity to maintain the action. Demurrer to petition sustained.

The motions to increase the deposit for security of costs and to post a $10,000.000 bond, are both overruled for the time being.